**Electronically Filed
Intermediate Court of Appeals
30693
30-SEP-2011
08:33 AM**

NO. 30693

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CYNTHIA L. EDWARDS, aka CYNTHIA LYNNETTE EDWARDS, aka CYNTHIA
DESTINY THOMAS, aka DESTINY O'HARA, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR NO. 09-1-0392)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)


Defendant-Appellant Cynthia L. Edwards (Edwards), also known as Cynthia Lynnette Edwards, Cynthia Destiny Thomas, and Destiny O'Hara, appeals from the Judgment of Conviction and Probation Sentence (Judgment) entered on July 30, 2010, by the Circuit Court of the Third Circuit (Circuit Court).[1] Plaintiff-Appellee State of Hawaii (State) charged Edwards by indictment with two counts of theft by deception. The indictment alleged that Edwards had committed: (1) second degree theft by obtaining food stamp benefits valued at more than $300 belonging to the State of Hawai'i (Count 1); and (2) first degree theft by obtaining supplemental security income benefits valued at more than $20,000 belonging to the United States of America (Count 2). Pursuant to a plea agreement, Edwards pleaded no contest to Count

_____

[1] The Honorable Greg K. Nakamura presided.

1 in return for the State's agreement to dismiss Count 2 and to recommend five years of probation, subject to one year of jail, with credit for time served and the remainder of the term stayed upon compliance with the conditions of probation. The Circuit Court accepted Edwards's no-contest plea and sentenced her to probation upon the recommended conditions.

On appeal, Edwards contends that: (1) the Circuit Court abused its discretion in accepting her no-contest plea without inquiring about whether she had a mental health disability; and (2) her trial counsel was ineffective for failing to properly address her psychological and mental health competency before allowing her to plead. We affirm the Circuit Court's Judgment.

I.

Edwards was in custody in Florida when a Hawai'i grand jury returned her indictment. In December 2009, Florida authorities placed a detainer on Edwards pursuant to a request by the State. Edwards waived extradition in Florida and was returned to Hawai'i. On May 18, 2010, Edwards appeared in Circuit Court and was represented by a Deputy Public Defender (DPD). The DPD requested a bail study. A bail study dated May 18, 2010, stated that "[Edwards] claims to have no mental health, medical, nor physical issues." An updated bail study dated June 22, 2010, revealed that Edwards continued to have no claims regarding mental health, medical, or physical issues.

On June 29, 2010, the DPD representing Edwards filed a motion seeking an order releasing Edwards on supervised release or a reduction in her bail. In support of this motion, the DPD submitted the DPD's declaration, which stated, among other things:

> c. On June 28, 2010 I personally spoke to Susan Segawa, the psychiatric social worker at HCCC. Ms. Segawa expressed her belief that [Edwards's] psychological and medical condition cannot be adequately treated while in custody. Ms. Segawa further expressed the opinion that she does not think [Edwards] is a threat to herself or others.

2

About a month later, on July 26, 2010, Edwards entered a no-contest plea to Count 1. During the plea colloquy, neither Edwards nor the DPD expressed any concern with Edwards's mental competence to enter a no-contest plea or advised the Circuit Court that Edwards was suffering from a mental health disability or illness. Edwards informed the Circuit Court that she was thinking clearly, and she advised the Circuit Court that she understood the charges and the various matters the Circuit Court explained to her. The Circuit Court found that Edwards understood the consequences of her plea and that she had "knowing[ly], voluntarily, and intelligently entered into this plea and waived her right to trial." The Circuit Court accepted Edwards's no-contest plea and the parties agreed to proceed immediately to sentencing.

With respect to Edwards's sentencing, the Circuit Court asked if there was going to be any issue about drug conditions and mental health conditions. The prosecutor asked for drug conditions "because of her prior" and the defense did not object. With respect to mental health conditions, the following discussion took place between the Circuit Court, the prosecutor and the DPD:

> THE COURT: . . . [A]re you going to be asking for mental health conditions? No?
>
> [Prosecutor]: She'll probably benefit by an assessment. I think she'd probably agree to that.
>
> Uh, Ms. Segawa is in Court today. She's the social worker in the jail, and I think she believes that [Edwards] will probably benefit by some type of mental health assessment.
>
> THE COURT: So assessment and treatment?
>
> [DPD]: Your Honor, we have no objections. She's been suffering from some headaches and memory loss so she's gonna be seeking that anyway.
>
> THE COURT: Okay, all right.

3

II.

We resolve Edwards's arguments on appeal as follows:

1.     The Circuit Court did not abuse its discretion in accepting Edwards's no-contest plea without inquiring about whether she had a mental health disability.  See State v. Davia, 87 Hawai'i 249, 253, 953 P.2d 1347, 1351 (1998) (trial court's decision in accepting or rejecting a no contest plea is reviewed for abuse of discretion); State v. Janto, 92 Hawai'i 19, 28, 986 P.2d 308, 315 (1999) (holding that a trial court's determination of whether a defendant is fit to proceed is reviewed for abuse of discretion).  The Circuit Court's plea colloquy complied with Hawai'i Rules of Penal Procedure (HRPP) Rule 11 (2007).  HRPP Rule 11 does not require that the court specifically inquire about whether the defendant is suffering from a mental health disability.

Even if we accept that a trial court has a duty to inquire about a defendant's mental competency if there is a good faith reason to doubt the defendant's competency,[2/] we conclude, based on the record in this case, that the Circuit Court was not presented with information that created a duty to inquire about whether Edwards suffered from a mental health disability before accepting her no-contest plea.  Edwards contends that the Circuit Court's obligation to inquire was triggered by the DPD's reference in Edwards's motion for supervised release to a prison social worker's belief that Edwards's "psychological and medical

---

[2/] See Hawaii Revised Statutes (HRS) § 704-404 (1993 & Supp. 2010) (authorizing a court to order a mental competency examination if "there is reason to doubt the defendant's fitness to proceed"); Sailer v. Gunn, 548 F.2d 271, 275 (9th Cir. 1977) (holding "that under the due process clause[,] a hearing on a defendant's competence to plead guilty is required if the trial judge entertains or should reasonably have entertained a good-faith doubt as to [the] competence of the defendant"); United States v. Denkins, 367 F.3d 537, 545 (6th Cir. 2004) (concluding, under federal statute, that the trial court has a duty to inquire into a defendant's competency whenever there is reasonable cause to believe that the defendant is incompetent to stand trial); Biggs v. State, 642 S.E.2d 74, 78 (Ga. 2007) (concluding that a trial court has a duty to inquire into a defendant's competency when information becomes known to it sufficient to raise a bona fide doubt regarding the defendant's competence).

condition cannot be adequately treated while in custody." We disagree. Edwards's supervised release motion, which was filed almost a month before the plea hearing, did not identify Edwards's alleged "psychological and medical condition" and did not indicate that the condition interfered with her mental competence to enter a plea. Moreover, during the plea colloquy, neither Edwards nor the DPD raised any issue relating to Edwards's mental competence to enter a no-contest plea, and the plea colloquy does not suggest that Edwards was suffering from any mental health disability that would prevent her from entering a valid plea. Under these circumstances, the Circuit Court was not presented with information that created a duty to ask Edwards whether she was suffering from a mental health disability before accepting her plea.

2. Edwards has failed to meet her burden of showing that her trial counsel was ineffective in permitting her to plead no contest. See State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998). The record does not reveal evidence that Edwards was suffering from a mental health disability or illness that would prevent her from entering a valid plea. As noted, the DPD's reference in Edwards's supervised release motion to Edwards's alleged psychological and mental condition was not specific and did not indicate that the condition would interfere with Edwards's ability to enter a valid plea. The same is true of the reference in the post-plea sentencing discussion to Edwards's willingness to undergo a mental health assessment because she had been "suffering from some headaches and memory loss." On this record, we cannot say that Edwards's trial counsel was ineffective in permitting Edwards to go forward with the no-contest plea.

We note that appellate counsel was appointed and substituted for trial counsel after the notice of appeal had been filed. Thus, appellate counsel did not have the opportunity to develop a record to support Edwards's claim of ineffective assistance of counsel. Our rejection of Edwards's claim of

ineffective assistance of counsel is without prejudice to her developing an adequate record to support an ineffective assistance of counsel claim in subsequent proceedings under HRPP Rule 40 (2006).  See State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).

III.

We affirm the July 30, 2010, Judgment of the Circuit Court.

DATED:  Honolulu, Hawai‘i, September 30, 2011.

On the briefs:

Gale L.F. Ching
(Law Office of Gale L.F.
Ching, LLLC)
for Defendant-Appellant

Ricky R. Damerville
Deputy Prosecuting Attorney
County of Hawai‘i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

6